People v Borden (2024 NY Slip Op 03251)

People v Borden

2024 NY Slip Op 03251

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

143 KA 20-00146

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAYNE BORDEN, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered December 18, 2019. The judgment convicted defendant upon a guilty plea of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal was invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Ahmed, 188 AD3d 1626, 1626 [4th Dept 2020]) and thus does not preclude our review of his challenge to the severity of the sentence (see People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we conclude that the sentence is not unduly harsh or severe.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court